# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-25-00479-CV

---

**C. C. M., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY
NO. 24-0008-CPS395, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

Father appeals the district court's final order terminating his parental rights to his children, C.M. and S.M.[1] *See* Tex. Fam. Code § 161.001. The case was tried to a jury, which found by clear and convincing evidence that statutory grounds existed for terminating Father's parental rights and that termination of those rights was in the children's best interest. *See id.* § 161.001(b)(1)(D), (E), (O), (2).

Father's court-appointed attorney has filed a motion to withdraw supported by an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from terminations of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record

---

[1] For privacy, we refer to the children by aliases or initials and to the children's parent as "Father." *See* Tex. R. App. P. 9.8; Tex. Fam. Code § 109.002(d).

demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). Father's counsel has certified to this Court that he has provided Father with a copy of the *Anders* brief and the motion to withdraw and advised him of his rights to examine the appellate record and to file a pro se brief. To date, Father has not filed a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, stating that it will not file a brief unless requested by this Court or after reviewing any pro se response.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on Father's behalf. We have found nothing in the record that might arguably support an appeal, and we agree the appeal is frivolous and without merit. We have specifically reviewed the district court's findings as to Father under subsections (D), (E), and (O) of Family Code section 161.001(b)(1), and we have found no nonfrivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). Accordingly, we affirm the district court's final order terminating Father's parental rights.

However, the Supreme Court of Texas has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in th[e Supreme Court of Texas], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to Father has not yet been discharged. *See id.* If after consulting with counsel Father desires to file a petition for review, his counsel should

timely file with the Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28. Counsel's motion to withdraw is denied.

                                             _____

                                             Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justice Crump and Ellis

Affirmed

Filed:   September 30, 2025